## Harrison W. Smith v. Patrick McGill.

*Contract: Evidence: Damages.* In an action upon a contract to take and keep a yoke of oxen until a specified time, and to return them at the expiration of the term in as good condition as they then were, without charge for keeping, and to pay for any damages they should sustain, evidence that defendant would not have taken the oxen if he had known their condition as to being well broken, and that one of them had drank lye the previous spring, in the absence of any showing that he had been deceived or defrauded, is inadmissible.

*Evidence.* In such action it is not error to exclude testimony of defendant's servant as to how other oxen that were treated the same, stood the treatment, where it appears from his own testimony that these oxen were beaten by him in a way and under circumstances that would have justified a criminal prosecution.

*Charge to the jury: Evidence.* Instructions to the jury based on the assumption that the injury to the cattle may have occurred from exposure after their return, were uncalled for, in the absence of any showing that the exposure was unusual, or that the injuries were of a nature likely to be caused by it.

*Damages: Contract.* Under such a contract the defendant's responsibility for injuries is absolute and not dependent on the failure to employ due care and diligence; and in the absence of any evidence of fraud he cannot discharge himself from liability for any injury actually received by the cattle while in his hands, on any claim that they were less serviceable to him than he expected they would be, or that they had been injured before he took them.

*Heard April 15.     Decided April 22.*

Error to St. Clair Circuit.

*A. E. Chadwick,* for plaintiff in error.

*O'Brien J. Atkinson* and *Trowbridge & Atkinson,* for defendant in error.

SMITH v. McGILL.

COOLEY, J.

Smith was sued by McGill in assumpsit for that on or about the first day of November, 1870, in consideration that plaintiff would let him have a certain yoke of oxen to keep until March or April, 1871, at the option of the defendant, he (the defendant) undertook and promised the plaintiff to return the oxen to the plaintiff at the expiration of the term in as good condition as they then were, without charge for keeping, and to pay the plaintiff any damage they might sustain while in defendant's possession. The breach alleged was that the oxen, after being used for a while by defendant, were returned to the plaintiff in a much worse condition than they were in when taken, and that they were greatly injured and deteriorated in value while thus in the possession of defendant, in consequence of which one of said oxen became of no value and died. The contract and the delivery of the oxen under it were proved, and it was shown by the defendant's own evidence, as well as by that on the part of the plaintiff, that his servant, without the least justification or reasonable excuse, subjected the oxen to the most cruel and inhuman beatings, such as would be likely to result in serious injury, if not death. In December, 1870, in the absence of plaintiff from home, defendant returned the oxen, saying one of them was used up. He notified plaintiff's wife of the return, and the oxen were left in the yard, where they had only the shelter of hay and straw stacks. While in defendant's possession they had been kept in the stable. One of them died three weeks after the return. The jury returned a verdict for the plaintiff for one hundred and eighteen dollars.

It is assigned for error that the circuit judge refused to allow the defendant to state, when on the stand as a witness, that if he had known the condition and facts in regard to the oxen; as to one of them having drank lye the previous spring, and as to their being well broken, he would

not have taken them.    The ruling was correct.    There was no pretense that he had been deceived or defrauded in the contract, and the only question at issue was whether the injury occurred while the cattle were in his possession.

It is also complained that the court refused to permit one Lewis, defendant's servant, after stating that these oxen were used as well as other oxen, and as well taken care of, to state how the other oxen stood the treatment.    Lewis was the person who, as he did not hesitate to state in giving his own testimony, beat the oxen in a way and under circumstances that would have justified criminal proceedings against him; and if other cattle subjected to similar treatment were fortunate enough to escape fatal injury, the fact can have no legitimate bearing upon defendant's liability for the injury to these.

The defendant asked of the circuit judge instructions to the jury based upon an assumption that the injury to the cattle may have occurred from exposure after their return.    The judge gave them in a modified form, but we find in the record no evidence which called for any such instructions.    It was not shown that the exposure was unusual, or that the injuries were of a nature likely to be caused by it.    Some other instructions equally inapplicable to the case were requested, which we do not deem it necessary to examine in detail.

The defendant contended that his undertaking, as set forth in the declaration, only bound him to ordinary care and diligence in protecting the cattle from injury, and that even this was not binding upon him unless the cattle were in condition to be used as contemplated, and defendant at the time of entering into it was fully advised by plaintiff of any thing in their condition important for defendant to know, and the concealment of which by the plaintiff would be bad faith, or which, if the defendant had known it, he would not have made the undertaking at all, or being advised of, might have taken extra precautions not required in an ordinary case.    But it is very manifest from the

terms of the undertaking that defendant's responsibility for injuries was absolute, and not dependent on the failure to employ due care and diligence; and as there was nothing in the evidence which presented for the jury a question of fraud, defendant cannot discharge himself from liability on any claim that the cattle, for any other reason, were less serviceable to him than he had expected they would be. And if in fact one of them, as he claims, had received an injury before he took them, this would not relieve him from liability for any injury actually received by them while in his hands.

We have examined all the errors assigned, and noticed the most important, and we think the judgment should be affirmed, with costs.

The other Justices concurred.